UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

SONIA COLE,

        Plaintiff,

        -against-

RUSSELL J. HANKS; NYC; JOHN AND
JANE DOE,

        Defendants.
----------------------------------------------------------x

MEMORANDUM AND ORDER
05-CV-1831 (CBA)

AMON, United States District Judge.

    Plaintiff, appearing *pro se,* brings this action alleging the violation of her rights.[1] By order dated October 25, 2005, this Court barred plaintiff from filing any new *in forma pauperis* complaints without leave of Court. See Cole v. Testani et al., 05-cv-3908 (CBA). However, the instant complaint was filed prior to issuance of the order barring plaintiff, therefore, plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, solely for the purpose of this order. Plaintiff is directed to submit an amended complaint within thirty (30) days of the date of this order as detailed below.

---

[1] Plaintiff is a frequent litigator in this Court. See Cole v. Beneficial Mortgage, 01-cv-3327 (CBA) (bankruptcy appeal, dismissed by order dated November 29, 2001, for failure to prosecute); Cole v. Merrick Realty, LLC., 03-cv-1230 (CBA) (bankruptcy appeal, dismissed by order dated December 4, 2003, pursuant to 28 U.S.C. 1915 (e)); Cole v. Merrick Realty, LLC et al, 04-cv-908 (CBA) (§ 1983, dismissed by order dated May 20, 2004, pursuant to 28 U.S.C. § 1915 (e)); Cole v. Leverett, 04-cv-5216 (CBA) (dismissed by order dated December 6, 2004, pursuant 28 U.S.C. § 1915 (e)); Cole v. Katz, 04-cv-5217 (CBA) (dismissed by order dated December 6, 2004, pursuant 28 U.S.C. § 1915 (e)); Cole v. Plaza Homes LLC., 05-cv-2055 (CBA) (§ 1983, dismissed by order dated May 23, 2005, for lack of subject matter jurisdiction; plaintiff was cautioned against filing non-meritorious complaints); Cole v. Jack & Hendra Movers, Inc., 05-cv-2203 (CBA) (§ 1983, dismissed by order dated May 18, 2005, for lack of subject matter jurisdiction; plaintiff was cautioned against filing non-meritorious complaints); Cole v. US Department of Justice et al., 05-cv-2997 (CBA) (§ 1983, dismissed by order dated August 23, 2005); Cole v. Testani et al., 05-cv-3908 (CBA) (§ 1983, plaintiff barred from filing any future *in forma pauperis* complaints without leave of Court by order dated October 25, 2005); Cole v. Hanks et al., 05-cv-4068 (CBA) (§ 1983, dismissed by order dated October 25, 2005, pursuant to 28 U.S.C. 1915 (e)); Cole v. Appellate Term et al., 05-cv-4070 (CBA) (§ 1983, dismissed by order dated October 31, 2005, pursuant to 28 U.S.C. 1915 (e)).

## Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## Discussion

Plaintiff's handwritten complaint is barely legible. Plaintiff appears to allege that she is dissatisfied with the way in which her public assistance case has been handled. In addition, plaintiff alleges that her personal property was auctioned off because the City of New York never paid her storage fees. See Complaint at 3. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals, Inc. v. Broudo, --- U.S. ----, ----, 125 S.Ct. 1627, 1634 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons, 49 F.3d at 86. However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true

2

substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)).

## Leave to Amend

Here, plaintiff's complaint falls far short of giving the fair notice of the claim as required under Rule 8(a)(2). The claims in the complaint are vague, illegible and unintelligible. However, to the extent that the complaint alleges a procedural due process violation, including lack of notice in connection with her fair hearings, plaintiff is given 30 days leave to file an amended complaint that complies with Rule 8. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Should plaintiff file an amended complaint, she must set forth the legal basis and factual allegations to support her claims against defendants, and the relief she is seeking with respect thereto. The allegations must be short, plain, concise and legible. She must also state, in a plain and concise manner, the specific facts that give rise to the claim. She cannot rely on unmarked exhibits to state her case, but she can include exhibits to support her claims.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend her complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to 28 U.S.C. § 1915 (e).

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
Dec. 7 2005

3